FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATEO CRISTOBAL PASCUAL-JOAQUIN, a.k.a. Mateo Cristobal Pascual, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70096 <br><br> Agency No. A070-938-186 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Mateo Christobal Pascual-Joaquin, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Pascual-Joaquin's claim that he established eligibility for asylum because he failed to raise this claim to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (only issues raised and argued in a petitioner's brief before the BIA will be deemed exhausted when a brief is filed).

With respect to withholding of removal, Pascual-Joaquin concedes he did not suffer past persecution. Pascual-Joaquin failed to establish a clear probability of future persecution because the evidence in this case indicates only that Mayans in Guatemala are subject to discrimination, *see Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) ("persecution is an extreme concept" and "discrimination is insufficient") (citation and internal quotation omitted), and the harm Pascual-Joaquin fears from criminal groups is not on account of a protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang

members bears no nexus to a protected ground").  Accordingly, substantial evidence supports the agency's denial of withholding of removal.

Finally, substantial evidence supports the agency's denial of Pascual-Joaquin's CAT claim, because he failed to show it is more likely than not that he will be tortured if returned to Guatemala.  *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**